The Honorable Mary Anne Salmon State Senator #29 Heritage Park Circle North Little Rock, AR 72116
Dear Senator Salmon:
You have presented the following question for my opinion:
 Must a county tax assessor solicit bids under A.C.A. § 14-22-102 prior to entering into a contract with a person, firm, or corporation for the re-assessment of property values for county and for lowering tax purposes?
RESPONSE
It is my opinion that counties are required to solicit bids prior to entering into contracts for property reappraisal services. Counties must also be cognizant of the requirements created under Act 1185 of 1999, codified at A.C.A. § 26-26-1901 et seq. These issues are discussed below.
As an initial matter, I must note that prior to the passage of Act 1185 of 1995, my predecessor took the position that the county bidding requirements of A.C.A. § 14-22-101 et seq. did not apply to the procurement of appraisers' contracts. See Ops. Att'y Gen. Nos. 93-412; 90-239; 90-037. The conclusion in those opinions was based upon the fact that the county bidding requirements, as stated in A.C.A. § 14-22-101 etseq., apply only to purchases of "commodities." The definition of the term "commodities," which is set forth at A.C.A. § 14-22-101(1), excludes "personal services." The opinions interpreted the term "personal services" to encompass the services of professional property appraisers. They therefore concluded that bidding was not required for such services.
Act 1185 of 1995 (codified at A.C.A. § 26-26-1901 et seq.) created various new requirements pertaining to the reappraisal process. Most significantly, the Act directed the Assessment Coordination Department to develop and implement rules relating to reappraisal procedures. The Act further imposed the requirement that counties comply with those rules. A.C.A. § 26-26-1905. Among the rules that have been promulgated by the Department pursuant to Act 1185 is Rule 3.39, which states in pertinent part:
 Each county that contracts reappraisal services will be required to advertise for bids for the planned reappraisal and to mail a copy of the ACD approved bid specifications to all companies listed on the ACD Annual Register of Appraisal companies at the time of advertising. Any bids submitted by a contractor that do not meet the ACD approved specifications shall be rejected by the county. The county shall submit to the ACD a copy of all bids received. In the event the county chooses to employ an appraisal firm other than the firm that submits a low bid, the county assessor must submit a written narrative explaining the county's choice of firms. The narrative must be attached to the proposed appraisal contract, and explain in detail what criteria were utilized to make the decision to hire a firm other than the low bidder. Failure to comply with this rule will result in rejection of the proposed appraisal contract.
Rule 3.39, Rules and Regulations of the Arkansas Assessment CoordinationDepartment.[1]
The requirements of this rule are clear and unequivocal, as is the requirement stated in Act 1185 that counties comply with the Department's rules. Accordingly, I conclude that counties must solicit bids prior to entering into contracts for property re-appraisal services.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] I note that the bidding requirement of Rule 3.39 does not conflict with the prohibition in the state purchasing laws against bidding for professional services. A.C.A. § 19-11-802. Act 1185 included a provision to remove that prohibition for contracts made under the authority of the Act. See A.C.A. § 26-26-1905(a)(3).